UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THR CALIFORNIA, L.P.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IVAN KOSOVSKI, ET AL.,<br><br>　　　　　Defendants. | No.  2:13-cv-1902 TLN AC PS<br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff THR California, L.P. commenced an unlawful detainer action in Placer County Superior Court on May 17, 2013.  Notice of Removal ("NOR"), Ex. (ECF No. 1-1 at 1-3).  Defendants Ivan Kosovski, Zoya Kosovska, and Liliya Walsh removed this action on September 13, 2013 purportedly on the basis of subject matter jurisdiction and diversity jurisdiction, along with requests to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a party seeks to proceed in forma pauperis, the court shall dismiss the case if the court determines that the plaintiff fails to state a claim upon which relief can be granted.  A plaintiff fails to state a claim when the court lacks jurisdiction over the subject matter of the complaint.  See Fed. R. Civ. P. 12(b)(1).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as

to the right of removal in the first instance." Id.  Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.

With the Notice of Removal, defendant provides a copy of the complaint filed in Placer County Superior Court.  The complaint contains a single claim for unlawful detainer.  Plaintiff's complaint for unlawful detainer does not state claims under any federal law.  Rather, defendants appear to assert that this court has subject jurisdiction by virtue of defendants' defenses to the action.  Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court. See Vaden v. Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (9th Cir. 2009); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998); Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint indicates that the only cause of action is one for unlawful detainer, which arises under state law and not under federal law.  Thus, this action does not arise under federal law, and jurisdiction under 28 U.S.C. § 1331 does not exist.  Additionally, diversity jurisdiction is lacking because the amount in controversy as set forth in plaintiff's complaint does not exceed $75,000. See 28 U.S.C. § 1332.

For the reasons set forth above, IT IS HEREBY ORDERED that defendants' motions to proceed in forma pauperis (ECF Nos. 2-4) are denied; and

IT IS HEREBY RECOMMENDED that this case be remanded to Placer County Superior Court for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, defendants may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Defendants are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

DATED: September 20, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;thr1902.remand